UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANNA MASSAQUOI, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:19-1533 |
| v. | : | (JUDGE MANNION) |
| BENJAMIN ARNOLD, *et al.*, | : | |
| Defendants | : | |

### ORDER

Presently before the court is the November 30, 2020 Report and Recommendation of Magistrate Judge William I. Arbuckle ("Report"), (Doc. 23), which recommends that the *pro se* complaint, (Doc. 1-2), of Plaintiff Hanna Massaquoi, an inmate at SCI Green, be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b), by not filing a brief in opposition to the Defendants'[1] motion to dismiss, (Doc. 7), and after analyzing the Poulis factors. No objections have been filed to the Report and the time within which they were due has long expired. Based on the court's review of the record in this matter, the Report is adopted and plaintiff's complaint, (Doc. 1-2), is dismissed without prejudice pursuant to Federal

---

[1] In the Report, the names of the Defendants are stated and they shall not be repeated herein.

Rule of Civil Procedure 41(b). Defendants' motion to dismiss, (Doc. 7), is dismissed as moot. Plaintiff's motions for return of his in-cell property and for additional extensions of time, (Docs. 22 & 30), are denied.

When no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b); advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.[2]

Suffice it to say that, after Defendants filed a motion to dismiss on November 15, 2019, (Doc. 7), and their brief in support, (Doc. 8), the court issued an Order advising Plaintiff of his obligation to file a brief in opposition.

---

[2]Since Judge Arbuckle stated the full background and procedural history of this case in his Report, as well as the names and positions of the Defendants and the claims against them, and since there have been no objections, the court will not repeat it herein.

(Doc. 9). The court also advised Plaintiff that if he did not file a brief in opposition, Defendants' motion could be deemed unopposed and his case could be dismissed pursuant to Fed.R.Civ.P. 41 for failure to prosecute.

Thereafter, the court granted Plaintiff several extensions of time to file his brief in opposition to Defendants' motion to dismiss. Nonetheless, Plaintiff failed to file his brief in opposition. On November 20, 2020, Plaintiff filed his fifth motion for an extension of time claiming that he needed the return of his property allegedly placed in storage by prison staff while he was on medical observation, (Doc. 22), but the Report recommends that it be denied "[g]iven the very generous extensions that have already been granted, and the fact that supporting documents [contained with plaintiff's property] are not necessary to, and indeed often cannot be considered, in resolving a motion to dismiss."

On November 30, 2020, the Report was then issued by Judge Arbuckle in which he recommends that plaintiff's complaint be dismissed for failure to prosecute under Rule 41(b) since he issued an Order advising plaintiff of his obligation to file a brief in opposition to the motion to dismiss and warned that the failure to do so could result in the in dismissal of his case. (Doc. 9). Plaintiff failed to comply with the Order and, to date, despite this court's three Orders affording plaintiff more time to file objections to the Report, he failed

to file any objections. (Docs. 25, 27 & 29). Indeed, rather than file his objections, Plaintiff filed yet another motion for an extension of time on June 23, 2021 seeking another 120 days. (Doc. 30).

Even though 90 days have passed since Plaintiff filed his June 23, 2021 motion, he has still failed to file any objections to Judge Arbuckle's Report or his brief in opposition to Defendants' motion to dismiss, now pending for almost two years. (Doc. 7).

No doubt that Defendant's motion to dismiss, (Doc. 7), can be granted as unopposed pursuant to Local Rule 7.6,[3] given Plaintiff's failure to file a brief in opposition despite the court's Order warning of the consequences of failing to do so. However, the Report recommends that Plaintiff's complaint,

---

[3]Local Rule 7.6 states, in pertinent part, "Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion." M.D. Pa. L.R. 7.6.

(Doc. 1-2), be dismissed pursuant to Rule 41(b)[4] for failure to prosecute, since all *Poulis* factors[5] weigh in favor of dismissal.

The court has reviewed the Report of Judge Arbuckle, as well as the record, and the court will adopt the Report and its recommendation that the complaint be dismissed pursuant to Rule 41(b) for failure to prosecute. Upon review of Judge Arbuckle's thorough analysis of the six *Poulis* factors, (Doc. 23 at 10-13), the court agrees with the sound reasoning that led him to

---

[4] "Federal Rule of Civil Procedure 41 permits a court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order.'" Miller v. Tucker, 2020 WL 4924538, *3 (E.D. Pa. Aug. 21, 2020) (citing Fed.R.Civ.P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); Parks v. Ingersoll-Rand Co., 380 F.App'x 190, 195-96 (3d Cir. 2010) (noting the United States Supreme Court has held that Rule 41(b) allows for *sua sponte* dismissals in the context of a failure to prosecute)). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion." Id. (citing Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)).

[5] *Poulis* factors refers to the six factors set forth by the Third Circuit in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984), that a court is required to weigh in evaluating dismissal for failure to prosecute. They include the following: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) whether there is a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of a sanction other than dismissal, including analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868.

conclude that all factors weigh in favor of dismissal of this case. As such, the court adopts the Report of Judge Arbuckle as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Arbuckle, **(Doc. 23)**, is **ADOPTED IN ITS ENTIRETY**;

**(2)** Plaintiff's complaint, **(Doc. 1-2)**, is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

**(3)** The Defendants' motion to dismiss, **(Doc. 7)**, is **DISMISSED AS MOOT**;

**(4)** Plaintiff's motions for additional extensions of time, **(Docs. 22 & 30)**, are **DENIED**; and

(5) The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

DATE: September 28, 2021
19-1533-04